THE UNITED STATES DISTRICT COURT
DISTRICT OF UTAH

| | |
|---|---|
| WEALTHVEST MARKETING, INC., | **MEMORANDUM DECISION AND ORDER DENYING [22] PLAINTIFF'S MOTION TO DISMISS COUNTERCLAIM AND MOTION FOR A MORE DEFINITE STATEMENT** |
| Plaintiff, | |
| v. | Case No. 2:21-cv-00499-DBB |
| MARC ROGERS, | |
| Defendant. | District Judge David Barlow |

On September 14, 2021, Defendant Marc Rogers filed a counterclaim against Plaintiff WealthVest Marketing, Inc. for breach of contract.[1] WealthVest moves to dismiss Rogers's counterclaim or, in the alternative, for a more definite statement of his claim.[2] Because Rogers has plausibly stated a claim for breach of contract and because Rogers's counterclaim is not so vague or ambiguous that WealthVest cannot reasonably prepare a response, WealthVest's motion is DENIED.

## BACKGROUND

Marc Rogers and WealthVest entered into an employment agreement on January 1, 2015.[3] Rogers's contract with WealthVest provided for payment of commission income for wholesale business placed with WealthVest.[4] In April 2021, WealthVest terminated Rogers's

---

[1] Answer to Complaint, Affirmative Defenses, and Counterclaims, ECF No. 9 at 16.
[2] Motion to Dismiss, ECF No. 22 at 2.
[3] ECF No. 9 at ¶ 12.
[4] *Id.* at ¶ 50.

employment.[5] Rogers alleges that at the time of his termination he had submitted wholesale business for insurance sales for at least five clients to WealthVest, but the companies had not yet issued the policies.[6] Rogers further alleges that these pending wholesales were completed by June 2021 and that commission payments to WealthVest from the sales exceeded $100,000, but he was never paid.[7]

Rogers brings a counterclaim for breach of contract because he claims that "WealthVest failed and refused to pay [him] any amount from the wholesale business pending when he was terminated"[8] and that WealthVest "breached its agreement with [him] by failing to pay any amount and by keeping both its share and [his] share of the wholesale business that had already been placed when WealthVest terminated [him]."[9] WealthVest moves to dismiss this claim for failure to state a claim or, in the alternative, moves for a more definite statement.[10]

## STANDARD

Dismissal is appropriate under Federal Rule of Civil Procedure 12(b)(6) when the complaint, standing alone, is legally insufficient to state a claim on which relief may be granted.[11] Each cause of action must be supported by sufficient, well-pled facts to be plausible on its face.[12] In reviewing a complaint on a Rule 12(b)(6) motion to dismiss, the court accepts all facts pleaded by the nonmoving party as true and grants all reasonable inferences from the

---

[5] *Id.* at ¶ 18.
[6] *Id.* at ¶ 21.
[7] *Id.* at ¶¶ 22–23.
[8] *Id.* at ¶ 54.
[9] *Id.* at ¶ 55.
[10] ECF No. 22 at 2.
[11] Fed. R. Civ. P. 12(b)(6).
[12] *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

pleadings in favor of the nonmoving party.[13] But the court disregards "assertions devoid of factual allegations" that are nothing more than "conclusory" or "formulaic recitation[s]" of the law.[14] When evaluating a 12(b)(6) motion to dismiss, the court may consider "not only the complaint itself, but also attached exhibits and documents incorporated into the complaint by reference."[15]

Under Federal Rule of Civil Procedure 12(e), a party may move for a more definite statement of a pleading if the pleading is "so vague or ambiguous that the party cannot reasonably prepare a response."[16] The party that files the motion "must point out the defects complained of and the details desired."[17] Such motions are "generally disfavored" and properly granted "only when a party is unable to determine the issues to which a response is required."[18] "Whether to grant a motion for a more definite statement is within the court's sound discretion."[19]

## DISCUSSION

WealthVest requests that this court dismiss Rogers's first counterclaim or, in the alternative, order Rogers to provide a more definite statement of claim pursuant to Federal Rule of Civil Procedure 12(e).[20] The Court will address these issues in turn. As a preliminary matter, the Court must decide whether to consider the Wholesaler Commission Plan as part of the motion to dismiss.

---

[13] *Wasatch Equality v. Alta Ski Lifts Co.*, 820 F.3d 381, 386 (10th Cir. 2016).
[14] *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 681 (2009).
[15] *Smith v. United States*, 561 F.3d 1090, 98 (10th Cir. 2009) (citations omitted).
[16] Fed. R. Civ. P. 12(e).
[17] *Id.*
[18] *See, e.g., Swig Holdings, LLC v. Sodalicious, Inc.*, No. 2:15-cv-307-DAK, 2015 WL 5999896, at *1 (D. Utah Oct. 14, 2015) (internal quotations and citation omitted).
[19] *See, e.g., May v. Rottinghaus Co., Inc.*, 394 F. Supp. 3d 1334, 1339 (D. Kan. 2019).
[20] ECF No. 22 at 2.

### I. The Court will not exercise its discretion to consider the Wholesaler Commission Plan.

In resolving this motion to dismiss, WealthVest asks this court to consider the text of the Wholesaler Commission Plan, which it attaches to its reply brief as Exhibit 2.[21] In general, the court does not consider matters outside the pleadings on a Rule 12(b) motion to dismiss.[22] Nevertheless, "the district court may consider documents referred to in the complaint if the documents are central to the plaintiff's claim and the parties do not dispute the documents' authenticity."[23] The question of whether to consider materials outside of the pleadings is a matter of discretion for the district court.[24]

Rogers's counterclaim for breach of contract alleges that "Rogers'[s] contract with WealthVest provided for payment of commission income for wholesale business placed with WealthVest."[25] The counterclaim also alleges that "WealthVest breached its agreement with Rogers by failing to pay any amount and by keeping both its share and Rogers'[s] share of the wholesale business that had already been placed when WealthVest terminated Rogers."[26] Rogers's counterclaim plainly refers to the employment agreement between Rogers and Wealthvest and the employment agreement is central to Rogers's counterclaim for breach of contract. Accordingly, the court may consider the employment agreement without converting the motion to dismiss into a motion for summary judgment.

---

[21] *See* ECF No. 29-3.
[22] *Alvarado v. KOB-TV, LLC*, 493 F.3d 1210, 1215 (10th Cir. 2007). If the court does not exclude matters outside the pleading, it converts the motion to dismiss into a motion for summary judgment and must give parties reasonable opportunity to present all material made pertinent to such a motion. *Id.*
[23] *Jacobsen v. Deseret Book Co.*, 287 F.3d 936, 941 (10th Cir. 2002).
[24] *Prager v. LaFaver*, 180 F.3d 1185, 1189 (10th Cir. 1999) ("We agree with our sister circuits that if a defendant attaches to a 12(b)(6) motion materials referred to by the plaintiff and central to his claim, the court has discretion to consider such materials.").
[25] ECF No. 9 at ¶ 50.
[26] *Id.* at ¶ 55.

WealthVest argues that this court should go further and consider the Wholesaler Commission Plan without converting the motion to dismiss into a motion for summary judgment. The employment agreement states that the employee "shall receive the starting compensation set forth in the Employee's offer letter" and that "[u]pon termination of this Agreement pursuant to the terms herein, Employee shall receive the compensation then earned. . . ."[27] Rogers's offer letter, which WealthVest attaches to its reply brief, states that Rogers "will be eligible to earn incentive compensation in accordance with the enclosed Wholesaler Commission Plan."[28] And the Wholesaler Commission Plan, also attached to WealthVest's reply brief, outlines the conditions that an employee must satisfy in order to earn a commission.[29]

The countercomplaint does not explicitly refer to the Wholesaler Commission Plan, instead referring to the employment agreement between Rogers and WealthVest.[30] It is not clear whether the complaint references the Wholesaler Commission Plan when it states that Rogers's "contract with WealthVest provided for payment of commission income for wholesale business placed with WealthVest," but, regardless of whether the Wholesaler Commission Plan has been incorporated into the pleadings by reference, the court has the discretion to choose whether to consider such a document at the motion-to-dismiss stage.[31] Here, neither Rogers's offer letter nor the Wholesaler Commission Plan are attached to WealthVest's original complaint,[32] Rogers's countercomplaint,[33] or the motion to dismiss.[34] They are only attached to WealthVest's reply

---

[27] ECF No. 2-1 at § 2(a), (c).
[28] ECF No. 29-2 at 1.
[29] ECF No. 29-3 at § 7.0.
[30] ECF No. 9 at ¶ 50.
[31] *Prager v. LaFaver*, 180 F.3d 1185, 1189 (10th Cir. 1999).
[32] *See* Complaint, ECF No. 2.
[33] *See* ECF No. 9.
[34] *See* ECF No. 22.

brief.[35] Although the Wholesaler Commission Plan may end up being central to Rogers's counterclaim for breach of contract, it can be properly considered at the motion for summary judgment stage. In considering this motion to dismiss, this court will not consider a matter that may be outside of the pleadings and will not exercise its discretion to convert this motion into a motion for summary judgment. Accordingly, for the purposes of resolving this motion to dismiss, the court will not consider the Wholesaler Commission Plan.

### II.  Rogers has plausibly pled a counterclaim for breach of contract.

To sufficiently plead a breach of contract claim, a plaintiff must allege "(1) a contract, (2) performance by the party seeking recovery, (3) breach of contract by the other party, and (4) damages."[36] In this case, Rogers alleges that a contract existed between him and WealthVest in the form of the employment agreement.[37] Rogers further alleges that he performed on the employment contract by securing "approximately $20,000,000.00 in wholesale business pending at insurance companies that he had placed through WealthVest" and that "WealthVest breached its agreement with [him] by failing to pay any amount [of commission]" on the business he had secured.[38] Finally, Rogers alleges that he earned $60,000 in commission income and that WealthVest failed to pay Rogers any amount of that money.[39]

These allegations plausibly state a claim for breach of contract against WealthVest. WealthVest argues that Rogers's counterclaim should be dismissed because the Wholesaler

---

[35] ECF No. 29-2; ECF No. 29-3.

[36] *Am. W. Bank Members, L.C. v. State*, 342 P.3d 224, 230–231 (Utah 2014). As a preliminary matter, Utah law applies to the employment agreement. The agreement states that "[t]his contract shall be construed under and governed in all respects by the laws of the state where [Rogers] last resided when employed with the Company. . . ." ECF No. 2-1 at § 17. The complaint alleges that Rogers resides in Utah. ECF No. 2 at ¶ 7.

[37] ECF No. 9 at ¶ 50.

[38] *Id.* at ¶¶ 51, 55.

[39] *Id.* at ¶¶ 53–54.

Commission Plan unambiguously provides that Rogers is only entitled to receive "earned" commissions and he had not yet "earned" the commissions he claims at the time of his termination.[40] But, as outlined above, the court will not consider the text of the Wholesaler Commission Plan at this stage. And the text of the employment agreement states that "[u]pon termination of this Agreement pursuant to the terms herein, [Rogers] shall receive the compensation then earned. . . ."[41] Based on the language of the employment agreement, it is plausible that, at the time of his termination, Rogers had earned $60,000 in commission payments and WealthVest refused to pay him. Accordingly, Rogers has alleged sufficient facts to state a claim for breach of contract and WealthVest's motion to dismiss is denied.

### III. The court will not grant a motion for a more definite statement of claim because Rogers's counterclaim is not so vague or ambiguous that WealthVest cannot reasonably prepare a response.

WealthVest argues that this court should order Rogers to provide a more definite statement of claim under Federal Rule of Civil Procedure 12(e) because it is unclear which contract he is referring to in his claim.[42] After briefing, however, the parties agree that the contract upon which Rogers's counterclaim is predicated is the employment agreement between WealthVest and Rogers.[43] Given that WealthVest understands that the contract referred to in Rogers's countercomplaint is the employment agreement attached to WealthVest's complaint, Rogers's counterclaim is not so vague or ambiguous that WealthVest cannot reasonably prepare

---

[40] ECF No. 22 at 16.
[41] ECF No. 2-1 at § 2(c).
[42] ECF No. 22 at 17.
[43] Memorandum Opposing Counterclaim Defendant's Rule 12(b)(6) Motion to Dismiss or, Alternately, for a More Definite Statement, ECF No. 28 at 5–6; Reply in Support of Motion of Plaintiff WealthVest Marketing, Inc., ECF No. 29 at 6 ("He now confirms that the 'contract' which he references in his counterclaim is the Employment Agreement. . . .").

a response. Motions for a more definite statement "are generally disfavored by the courts and are properly granted only when a party is unable to determine the issues to which a response is required";[44] the high standard for granting a Rule 12(e) motion is not met here. Thus, WealthVest's motion for a more definite statement of claim is denied.

### ORDER

WealthVest's motion to dismiss the first cause of action of the counterclaim is DENIED. WealthVest's motion for a more definite statement of claim is DENIED.

Signed December 13, 2021.

BY THE COURT

David Barlow
United States District Judge

---

[44] *Swig Holdings, LLC v. Sodalicious, Inc.*, No. 2:15-cv-307-DAK, 2015 WL 5999896, at *1 (D. Utah Oct. 14, 2015) (quoting *Creamer v. Ellis Cty. Sherrif Dep't*, No. 08-4126-JAR, 2009 WL 484491, at *1 (D. Kan. Feb. 26, 2009)).